# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Borden, | Case No. 18-cv-2831-JRT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| American Bankers Insurance Company of Florida, et al., | |
| Defendants. | |

Plaintiff James Borden has filed a motion to amend his complaint. (ECF No. 27.) Defendants American Bankers Insurance Company of Florida ("ABI") opposes the motion, arguing that for several reasons the amendment would be futile. Having reviewed the matter carefully, the Court finds that Mr. Borden's motion should be DENIED.

## I.  Factual and Procedural Background

This case arises out of an insurance dispute. Mr. Borden owns a cabin near a lake in central Minnesota. (Proposed Complaint ¶ 7.) Beginning in 2014, the crawlspace beneath the cabin began to flood on a somewhat regular basis, and Mr. Borden submitted several claims to insurance, including Proof of Loss documents, which were paid and are not at issue here. (*See id.* at ¶¶ 11–33.) The last claim paid by ABI was made in January 2018. (*Id.* at ¶ 25.) By 2018, the flooding had become so consistent and the damage so extensive that Mr. Borden was unable to use the cabin. (*Id.* at ¶ 33.) In April 2018, Mr. Borden submitted a claim to ABI, but does not allege that he filed a Proof of Loss with the April claim. (*Id.*) He reported an additional claim in June 2018, which ABI consolidated with the April 2018 claim. (*Id.* at 26.) Again, there is no allegation that this claim was accompanied by the required Proof of Loss.

Mr. Borden originally filed a conciliation court action in June 2018, but voluntarily withdrew the claim in mid-July after a phone call with ABI's counsel. (*Id.*

1

at 28–29.) However, after receiving no payment for the April or June 2018 claims, Mr. Borden once again filed an action in conciliation court in September 2018.

ABI removed this action to Federal Court. (ECF No. 1.) The Court identified Mr. Borden's case as a good candidate for its Pro Se Referral Project, and volunteer attorneys entered an appearance on December 18, 2018. (ECF Nos. 17–19.) While the Court's referral was pending, however, ABI filed a motion for summary judgment. (ECF No. 8.) That motion is still pending. Due to the delay in finding a volunteer attorney for Mr. Borden, the Court granted an extension to Mr. Borden to respond to the motion for summary judgment. (ECF No. 20.) However, instead of responding to that motion, Mr. Borden moved to amend his complaint. (ECF No. 27.) ABI opposes the amendment.

## II. Analysis

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court explains:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eighth Circuit holds that while the parties "do not have an absolute right to amend their pleadings, even under this liberal standard" *Sherman v, Winco Fireworks, Inc.*, 532F.3d 709, 715 (8th Cir. 2008), the court approaches its review "with a presumption of liberality." *DeRoche v. All American Bottling Corp.*, 38 F. Supp.2d 1102, 1106 (D. Minn. 1998). One limitation on amendments is futility. When the proposed complaint would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the amendment is futile, and a court should deny it. *Crowell Trust v. Possis Medical Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

ABI argues that Mr. Borden's motion to amend should be denied because his amendment is futile.[1] Specifically, it argues that Mr. Borden's proposed complaint fails to plead the fulfillment of certain requirements under the Standard Flood Insurance Policy (SFIP), and that his proposed negligent misrepresentation claim is not cognizable under the SFIP. The Court agrees that Mr. Borden's proposed amended claims are futile for multiple reasons.

### A. Proof of Loss Requirement

ABI argues that Mr. Borden's claim fails as a matter of law because he did not submit a Proof of Loss as required by the SFIP. The Court agrees. The SFIP provides that payment for a loss from flood will only be made if the policyholder has complied with all terms and conditions of the policy. 44 C.F.R. pt. 61, app.A(1), art. I. Article VII(J) of the SFIP lists the requirements that a policyholder must fulfill in case of a loss. Paragraph 4 of this list requires that "[w]ithin 60 days after the loss, [policyholder must] send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn by you…." 44 C.F.R. pt. 61, app.A(1), art. VII(J)(4).

It is well-settled that "[s]trict compliance with the proof of loss provision is mandatory." *McCarty v. Southern Farm Bureau Cas. Ins. Co.*, 758 F.3d 969, 972–73 (8th Cir. 2014) (citing *Dickson v. Am. Bankers Ins. Co. of Fla.*, 739 F.3d 397, 399 (8th Cir. 2014). Policyholders cannot recover money in a lawsuit under the SFIP unless they have fulfilled all requirements of the policy, including the proof of loss requirement. *Id.* As such, the proof of loss requirement "serves as a condition precedent to recovery under the SFIP." *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013).

Mr. Borden suggests that a Proof of Loss was not required in this case because he claims losses not from a single incident, such as an historic storm, but from continuous lake flooding. (Pltf.'s Mem., ECF No. 28 at 5–6.) However, he cites no support for this position. This argument seems to be one of first impression, as the

---

[1] ABI implies that Mr. Borden is amending in order to unfairly and frivolously delay proceedings. (*See, e.g.*, Def.'s Mem., ECF No. 31 at 17–18.) However, the Court finds no evidence of such bad faith or dilatory motives in the motion before the Court. This is particularly true given that Mr. Borden originally filed his complaint pro se. Indeed, the Court appreciates the work of volunteer counsel on Mr. Borden's behalf and thanks them for their efforts.

Court can find no case law supporting Mr. Borden's theory. Instead, the Court finds that the proof of loss requirement unambiguously applies to the continuous lake flooding provision of the SFIP.

In the SFIP, the requirements for payment for a loss are laid out in Article VII(J). Article VII(T) addresses specific additional requirements necessary before payment of a loss due to continuous lake flooding occurs. Specifically, policyholders must sign a release agreeing to:

> a. To make no further claim under this policy;
> b. Not to seek renewal of this policy;
> c. Not to apply for any flood insurance under the Act for property at the described location; and
> d. Not to seek a premium refund for current or prior terms.

44 C.F.R. pt. 61, app.A(1), art. VII(T)(1). Nowhere in section (T) are the requirements of section (K) waived. Reading the SFIP as a whole, it is clear that in order to obtain coverage for continuous lake flooding, you must meet the requirements of Article VII (K) and (T).

ABI further argues that Mr. Borden's own pleading demonstrates that is property did not experience continued lake flooding as defined under the policy. Because Mr. Borden's claims for further recovery are barred as a matter of law because he did not file a Proof of Loss, the Court need not address this argument.

### B. Negligent Misrepresentation

Mr. Borden seeks to add a second claim to his complaint, asserting negligent misrepresentation on the part of ABI. However, such a cause of action is specifically precluded by the SFIP. Article IX of the SFIP states:

> This policy *and all disputes arising from the handling of any claim under the policy* are governed *exclusively* by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and Federal common law.

44 C.F.R. pt. 61, app.A(1), art. IX. The Eighth Circuit has held that the SFIP preempts tort or extracontractual claims related to the policy brought under state or federal common law. *Gunter*, 736 F.3d at 772–73. Many other circuit courts are in agreement. *See, e.g.*, *Pecarovich v. Allstate Ins. Co.*, 135 Fed. Appx. 23, 25 (9th Cir. 2006);

4

*Gallop v. Omaha Prop. Cas. Ins. Co.*, 434 F.3d 341, 344–45 (5th Cir. 2005); *Shuford v. Fidelity Nat. Prop. Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2005). It is clear to the Court that Mr. Borden's claim of negligent misrepresentation is preempted by Article IX of the SFIP. Thus, amending the complaint to include such claims would be futile.

### III. Conclusion

For the reasons set forth above, Mr. Borden's efforts to amend his complaint are unavailing. The proposed amendment fails as a matter of law and would therefore be futile. Accordingly, **IT IS HEREBY ORDERED** that Mr. Borden's Motion to Amend (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED.**

Date: April 24, 2019

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge